IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

TAMMY S. McDANIEL, )
 )
 Plaintiff, )
 )
 ) CIV-12-730-F
v. )
 )
CAROLYN W. COLVIN, )
 Acting Commissioner of Social )
 Security Administration[1], )
 )
 Defendant. )

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Acting Commissioner Colvin is substituted for former Commissioner Michael J. Astrue as the Defendant in this action. No further action need be taken to continue this action. 42 U.S.C. § 405(g).

§ 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff protectively filed for SSI benefits in March 2010. (TR 120-125, 167). She alleged she was unable to engage in substantial gainful activity due to "lots of" medications and "shingles." (TR 142). Plaintiff has a ninth grade education and a sparse working record. (TR 126-127, 143, 144). In May 2010, Plaintiff stated that she cared for someone else's child two days a week, drove her vehicle, cooked meals, performed her own housekeeping, laundry, and dishwashing chores, shopped for groceries, visited with family members, played with and cared for her dogs, and had a part-time renter in her home. (TR 182, 186-187, 188, 189, 190, 194-195). In an interview with a consultative psychological examiner, Plaintiff described multiple family-related issues that caused her stress and constituted her "main problem," including an alcoholic husband and drug-addicted sister, and she stated she was "trying to get her sister's three children graduated" despite her sister's methamphetamine addiction. (TR 245-247). The medical record shows that Plaintiff has been treated with medications for herpes zoster (shingles) and post-herpetic neuralgia in her right side beginning in 2007 (right-sided pain noted to be "tolerable" in October 2009 and "improving" in November 2010), hypertension beginning in November 2009 (noted to be controlled in November 2010), angina (noted to be stable in September 2010), depression and anxiety (noted to be controlled in January 2011), lumbar pain beginning in January 2011, and chest pain (noted to be related to stress, found to be not ischemic, and noted to be stable in March

2010).

At Plaintiff's request, a hearing was conducted before Administrative Law Judge Shepherd ("ALJ") on March 29, 2011, at which Plaintiff and a vocational expert ("VE") testified. On June 8, 2011, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act because she was capable of performing jobs available in the national economy, including the jobs of small product assembler, laundry sorter, and shirt presser. (TR 50-57).

The Appeals Council denied Plaintiff's request for review (TR 1-3), and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 416.1455, Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

In this case, judicial review of the final Commissioner's decision is limited to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052

(citations, internal quotation marks, and brackets omitted).

III. Credibility

Plaintiff contends that the ALJ did not apply the appropriate legal standards in evaluating her credibility and that substantial evidence does not support the ALJ's assessment. The assessment of a claimant's RFC at step four generally requires the ALJ to "make a finding about the credibility of the [claimant's] statements about [her] symptom(s) and [their] functional effects." Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at * 1 (1996). "Credibility determinations are peculiarly within the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). But an ALJ must "consider the entire case record and give specific reasons for the weight given to the individual's statements" in determining a claimant's credibility. SSR 96-7p, 1996 WL 374186, at * 4 (1996). Credibility findings must, however, "be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002)(quotations and alteration omitted).

In addition to objective evidence, the ALJ should consider certain factors in evaluating a claimant's credibility, including the claimant's daily activities; the location, duration, and intensity of the claimant's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; any treatment other

than medications the individual receives or has received for pain or other symptoms; any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186, at * 3. See Hamlin v. Barnhart, 365 F.3d 1208, 1220 (10th Cir. 2004)(stating ALJs "should consider" factors set forth in SSR 96-7p). An ALJ is not, however, required to conduct a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Employing "common sense" as a guide, the ALJ's decision is sufficient if it "sets forth the specific evidence he [or she] relies on in evaluating the claimant's credibility." Id.; Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012).

Other factors that may be relevant to the credibility determination include the claimant's "medication[s] and [their] effectiveness, extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of [the claimant's] medical contacts, the nature of [the claimant's] daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). See also 20 C.F.R. § 416.929(c)(3)(listing factors relevant to symptoms that may be considered by ALJ).

In the ALJ's decision, the ALJ found at step two that Plaintiff had severe impairments due to anxiety-related disorder, obesity, borderline intellectual functioning, hypertension, lumbar pain, and shingles. (TR 52). At step three, the ALJ extensively considered the

requirements of listings 12.05 and 12.06 and determined that Plaintiff's impairments were not *per se* disabling. At step four, the ALJ found that despite her impairments Plaintiff was capable of sitting for about 6 hours during an eight-hour workday, standing and walking for about 6 hours during an eight-hour workday, occasionally climbing, balancing, stooping, kneeling, crouching, or crawling, and she could understand, remember, and carry out simple, routine, and repetitive tasks, respond appropriately to supervisors, co-workers, and usual work situations, and perform low stress work, so long as she did not have contact with the general public.

In reaching this step four RFC assessment, the ALJ considered the credibility of Plaintiff's statements that she could not work due to the effects of her medications and shingles-related pain symptoms. First, contrary to Plaintiff's suggestions, nothing in the ALJ's decision indicates that the ALJ performed these "inherently intertwined" evaluations "backwards" by first determining her RFC before determining her credibility. See Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009)(observing that "the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined").

Next, Plaintiff complains that the reasons given by the ALJ for his credibility determination were either "boilerplate" or not supported by substantial evidence in the record. In the decision, the ALJ stated that Plaintiff's symptoms were not credible to the extent they were inconsistent with ALJ's RFC assessment. (TR 55). The Tenth Circuit Court of Appeals recently recognized that identical language in an ALJ's decision is "boilerplate,"

although the court observed that such language is considered "insufficient" only "in the absence of a more thorough analysis." Jimison ex rel. Sims v. Colvin, __ Fed.Appx. __, 2013 WL 1150290 (Table), at * 6 (2013)(unpublished op.). Prior to this statement, the ALJ adequately articulated several reasons based on valid factors for his credibility determination, and therefore the ALJ's use of boilerplate language does not warrant reversal or a remand.

The ALJ stated in the decision that Plaintiff's "allegations of side effects of medication interfering with her abilities to work are not supported by her treatment records. This reflects poorly on her credibility." (TR 54). The ALJ further reasoned that Plaintiff's "history of methamphetamine addiction reflects poorly on her choices and overall credibility. Thus, her credibility is negatively impacted. Further, the claimant's work record is not impressive. Her inconsistent employment history and low earnings do not reflect favorably on her credibility." (TR 54).

The ALJ also reasoned that Plaintiff's "treatment records do not document symptoms that might reasonably be expected to impose the limitations she alleges and describes." (TR 54). In assessing Plaintiff's credibility, the ALJ considered and summarized in the decision Plaintiff's testimony and statements in the record concerning her usual daily activities and objective medical evidence, including the mental status examination results reported by the consultative psychological examiner, treatment records showing Plaintiff had been prescribed medications for anxiety/depression, hypertension, hypercholesterolemia, herpes simplex with post herpetic neuralgia, gastrointestinal reflux disease, chest pain, and back pain, as well as the normal results of stress testing in June 2007 and a chest x-ray in October 2010. (TR 52-

55).

Plaintiff complains that the ALJ ignored the record showing that some of her medications cause side effects of drowsiness and impaired driving ability, as recognized on her prescription records. Certainly, common sense would suggest that some of Plaintiff's prescribed medications, including Flexeril®, a muscle relaxant, and Xanax®, an anxiolytic medication, would cause some side effects, including drowsiness. But no physician placed any restrictions on Plaintiff's ability to work[2], and neither Plaintiff's treatment records or her reported daily activities, which included driving her vehicle for errands, including a monthly 2-hour round trip for grocery shopping, and in connection with her part-time caretaking job, were consistent with her assertion that the side effects of her medications prevented her from working. The ALJ's recognition of these inconsistencies as reasons for his credibility determination is well supported by the record.

Plaintiff complains that the ALJ should not have cited her "history of methamphetamine addiction" as a reason for discounting her credibility in light of the record showing her addiction ended several years prior to the date she allegedly became disabled. In a June 2007 office note, Plaintiff's treating physician, Dr. Reinschmiedt, noted that Plaintiff gave a medical history that included "[s]tatus post meth addiction ending 1987." (TR 205). Plaintiff, who was 47 years old at the time of the hearing, testified that even if the

---

[2]Plaintiff's argument to the contrary is not supported by the record. A note on a form prescription providing warnings that a medication "may cause" certain side effects is not a doctor-imposed work-related limitation.

8

ALJ's consideration of this prior substance abuse history was error, the ALJ did not give undue weight to her previous methamphetamine addiction and specified several valid reasons for finding her testimony not credible, including her sparse work history, her treatment records showing that she had only been prescribed medications as treatment, and the discrepancy between her complaints of significant, disabling medication side effects and pain and the lack of medical evidence regarding those symptoms in the treatment notes of her visits to Dr. Brown and Dr. Reinschmiedt. See 20 C.F.R. § 416.929(c)(3). Under these circumstances, the ALJ's credibility determination should not be disturbed.

IV. RFC for Work

Citing the consultative psychological examiner's report, Plaintiff contends that the ALJ failure to include "depression" and "personality disorder" among Plaintiff's severe impairments warrants reversal of the Commissioner's decision.

In a consultative psychological evaluation conducted in July 2010 Plaintiff was interviewed by Dr. Schlottmann, Ph.D., and Dr. Schlottmann also conducted a mental status examination. The psychologist's report included a diagnostic impression of major depressive disorder, moderate, recurrent and history of methamphetamine dependence, reportedly in full remission at Axis 1.[3] The secondary, or Axis 2, diagnostic impression was borderline

---

[3]The diagnosis of mental impairments "requires a multiaxial evaluation" in which Axis I "refers to the individual's primary clinical disorders that will be the foci of treatment," Axis II "refers to personality or developmental disorders," and Axis III "refers to general medical conditions."Schwarz v. Barnhart, No. 02-6158, 2003 WL 21662103, at *3 fn. 1 (10th Cir. July 16, 2003)(unpublished op.)(citing the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th ed. 1994), at 25-32).

9

intellectual functioning and personality disorder not otherwise specified. (TR 247).

Although the ALJ did not specifically find at step two that Plaintiff had severe impairments due to depression and personality disorder, any error in this respect is harmless as the ALJ found other mental and physical impairments that were severe and proceeded to consider the remaining steps of the sequential evaluation process. See Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008)("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."). Plaintiff recognizes that the ALJ gave "[g]reat weight" to the opinion of the state non-examining consultative psychologist, Dr. Lochner, who provided an assessment of Plaintiff's mental RFC for work and an assessment of the presence and severity of functional limitations resulting from Plaintiff's mental impairments. (TR 53, 251, 263). The ALJ incorporated Dr. Lochner's assessment in the RFC finding. Plaintiff does not provide a cogent argument concerning the ALJ's consideration of the evidence in the step four RFC finding.

Although Plaintiff complains that the ALJ's RFC assessment did not adequately consider "all of the evidence of Plaintiff's various mental impairments," Plaintiff does not argue that any specific evidence other than that expressly considered by the ALJ should have been considered. Plaintiff suggests only that she may be more limited in dealing with stress than the ALJ found and that she testified she could not drive while taking "my medications," indicating her attention and concentration were reduced. To the extent Plaintiff is re-urging her credibility argument, this argument has been previously addressed.

With respect to Plaintiff's argument that the ALJ failed to consider the effects of medications on her ability to maintain attention and concentration, the ALJ's RFC assessment included limitations to "low-stress work (defined as occasional decision making and occasional changes in workplace settings)" and "simple, routine, and repetitive tasks." (TR 54). These limitations adequately recognized that Plaintiff's mental impairments, medications, and pain decreased her ability to maintain attention and concentration. As this argument lacks merit and there is substantial evidence in the record to support the ALJ's RFC finding and ultimate finding of non-disability, the Commissioner's decision should be affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before _____June 5th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this \_\_\_\_16th\_\_\_\_ day of \_\_\_\_May\_\_\_\_, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE